**In re Petition for DISCIPLINARY ACTION AGAINST James H. SCHAEFER, an Attorney at Law of the State of Minnesota.**

No. C1–86–2045.

Supreme Court of Minnesota.

July 30, 1990.

### ORDER

On May 20, 1988, this court suspended petitioner James H. Schaefer from the practice of law for an indefinite period of time, with no right to apply for reinstatement for a period of 6 months. In November of 1989, approximately 18 months after his suspension, the petitioner filed a petition for reinstatement. A Panel of the Lawyers Professional Responsibility Board held a hearing on the petition for reinstatement on June 19, 1990. At the conclusion of the hearing, the petitioner and the Director joined with the Panel in recommending that this court reinstate the petitioner to the practice of law, subject to certain conditions.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition for reinstatement and the Panel recommendation, NOW ORDERS:

1. That the petitioner, James H. Schaefer, hereby is reinstated to the practice of law, but is placed on indefinite probation with no right to petition for termination of probation until after 2 years from the date of this order.

2. That the petitioner's reinstatement is conditioned on the following:

a. That the petitioner continue in therapy with his present therapist, or such other licensed professional as the Director's Office may approve, until the petitioner has completed the therapist's recommended course of treatment and has been discharged from treatment. The petitioner shall provide any authorizations for release of information to the Director's Office which are necessary to verify petitioner's compliance with the terms of probation.

b. That the petitioner shall not engage in the solo practice of law during the time petitioner is on probation.

c. That the petitioner's probation shall be unsupervised unless the Director requests supervision. Within 2 weeks of a request by the Director for supervised probation, the petitioner shall provide to the Director's Office four names of attorneys who have agreed to be nominated as the petitioner's supervisor. If, after diligent effort, the petitioner is unable to obtain a supervisor acceptable to the Director, the Director shall appoint a supervisor. The petitioner's supervisor shall report at least quarterly to the Director's Office.

d. That the petitioner abide by the following restitution repayment plan:

1. The petitioner shall pay $25 per month restitution commencing July 1, 1990.

2. Within 6 months of the date of this order, the petitioner shall increase his

restitution payment to a minimum of $400 per month.

3. Within one year of the date of this order, the petitioner shall increase his restitution payment to a minimum of $550 per month if restitution has not already been paid in full.

4. Upon re-employment as an attorney, the petitioner immediately shall seek financing to pay off the entire amount of the restitution due and owing by him, and shall continue to use his best efforts to obtain such financing until he obtains such financing or until he pays in full the amount of restitution due and owing.

5. The petitioner shall provide the Director with proof of the petitioner's payments pursuant to this repayment plan by the tenth day of each month.

6. Upon a showing of substantial change of circumstances, either the petitioner or the Director may apply to this court for a modification of this repayment plan.

3. That the petitioner shall cooperate fully with the petitioner's probation supervisor, if any, and with the Director's Office in monitoring the petitioner's compliance with the terms of the petitioner's probation and the restitution repayment plan.